# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Darryl J. Blankenship,         Case No. 1:03cv133

    Petitioner,        (Beckwith, J.; Black, M.J.)

vs.

James Haviland,        **REPORT AND RECOMMENDATION**

    Respondent.

    Petitioner, an inmate at the Southern Ohio Correctional Facility, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is more properly construed as a petition for habeas corpus pursuant to 28 U.S.C. § 2241, and not 28 U.S.C. § 2254, because the petition challenges the execution of a prisoner's sentence and not the imposition of petitioner's sentence or his underlying conviction. *See In re Slatton*, 165 F.3d 28 (6th Cir. 1998) (unpublished opinion), 1998 W.L. 661148. This matter is before the Court on the petition (Doc. 1), petitioner's memorandum in support of the petition (Doc. 4), respondent's return of writ (Doc. 6), and petitioner's traverse (Doc. 7).

### Factual And Procedural Background

    On December 13, 2002, a prison officer issued a conduct report, charging petitioner with a Class II Rule 1 violation, disobedience of a direct order, and a Class II Rule 3 violation, refusal to accept an assignment or classification, based on his failure to report for his kitchen duties, as ordered. (Doc. 6, Ex. C). A hearing officer determined that there was probable to cause to believe that the violations had occurred based on the conduct report, and referred the matter to the Rules Infraction Board. (*Id.,* Ex. D). After waiving the right to the passage of twenty-

four hours between the conduct report and hearing, the right to call witnesses, and the right to have the charging official present for the hearing, petitioner was found guilty of both rule violations by the Rules Infraction Board (RIB) and sentenced to fifteen days disciplinary segregation, with a recommendation that petitioner be placed in local control. (*Id.,* Exs. E, F). Petitioner appealed the Board's decision to the warden, who affirmed the RIB's findings. (*Id.,* Exs. G, H). Petitioner further appealed to the director of the Ohio Department of Rehabilitation and Correction who denied the appeal. (*Id.,* Ex. I). Petitioner was placed in local control after serving his fifteen days in disciplinary control, and after two thirty day reviews, occurring in January and February 2003, petitioner was retained in local control. (*Id.,* Exs. J, K, L, M, N). On March 4, 2003, petitioner received notice of hearing regarding his proposed level 4 Security placement. (*Id.*, Ex. O). After a hearing resulting in a security level increase, petitioner was transferred to the Southern Ohio Correctional facility. (*Id.,* Ex. P).

Petitioner alleges that his job assignment interfered with the religious belief of his Asatru faith which forbade him from working on certain days, and that he unsuccessfully requested that he be excused on those days. (Doc. 4 at 2).

On February 18, 2003, petitioner executed a petition for habeas corpus relief, raising the following grounds for relief and supporting facts, which are quoted verbatim:

> **Ground one:** Violation of 5th amendment prohibition against Double Jeopardy.
>
> Supporting facts: Petitioner is convicted of refusing to accept a job assignment and of disobeying an order to appear at job assignment. Petitioner cannot commit the refusal of a job assignment without also committing the disobedience violation. Thus the charges are allied offenses and a conviction on both violate the prohibition of twice punished for same offense.
>
> **Ground two:** Violation of 13th Amendment prohibition against involuntary servitude. via 14th Amendment.
>
> Supporting facts: Petitioner was not sentenced to labor, nor does any Ohio law require petitioner to work as part of his sentence, thus

2

petitioner retains his 13th Amendment rights and respondent violates those rights by increasing petitioner's sentence to include a term of labor, and punishing petitioner for refusing to comply.

**Ground three**: Violation 1st Amendment and 42 U.S.C. 2000 cc to punish for refusing labor and religious grounds. via 14th Amendment.

Supporting facts: The act of forcing petitioner to work on days and times contrary to his religious beliefs under threat of punishment and punishing him for refusing to work contrary to religious beliefs is direct violation of Religious Land Use and Institutionalized Persons Act (42 U.S.C. 2000cc) and O.D.R.C. Policy 309-01 VI (c)(2), and First Amendment.

**Ground four**: Violation of 8th Amendment prohibition against cruel and unusual punishment.

Supporting facts: Petitioner was previously held in segregation 8 months for refusing this same job assignment on religious grounds (4-5-02 til 11-27-02) and had initiated 4 hunger strikes in protest requiring hospitalizations. Rather than to change petitioner's job assignment to one which does not conflict with religion, Petitioner is repeatedly assigned to the same job and repeatedly punished for standing on religious beliefs.

(Doc. 1).

## OPINION

### The Petition for a Writ of Habeas Corpus Should be Dismissed because the Court does not have Habeas Corpus Jurisdiction Over this Matter.

As an initial matter, the Court must determine whether it has jurisdiction over petitioner's federal habeas corpus petition.

Section 2241 states: "The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States. . . ." 28 U.S.C. § 2241(c)(3). In *Preiser v. Rodriguez*,

411 U.S. 475 (1973), the Supreme Court articulated the standard for ascertaining whether habeas corpus (28 U.S.C. § 2254 or § 2241) or 42 U.S.C. § 1983 is the appropriate procedure for a prisoner's lawsuit. The Court stated that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500; *see also Hadley v. Werner,* 753 F.2d 514 (6th Cir. 1985). The core of habeas corpus is an attack on the legality of custody with the goal of securing release from illegal custody. *Preiser*, 411 U.S. at 484. In *Preiser*, the Supreme Court held that a prisoner seeking to restore good-time credits lost through allegedly unconstitutional disciplinary proceedings must proceed through habeas corpus rather than section 1983. The Court reasoned that "attacking the very duration of [the prisoner's] physical confinement itself" as a result of the loss of good-time credits lay "within the core of habeas corpus." *Id*. at 487-90.

In contrast, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 499. An action under § 1983 is appropriate where one complains of the conditions of his confinement in a prison, particularly where a prisoner seeks money damages. *Id.* at 494. A prisoner seeking damages is "attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release–the traditional purpose of habeas corpus." *Id*.

The question not answered by *Preiser* is whether a prisoner who seeks not monetary relief, but release from a more restrictive confinement within a prison, can do so through habeas corpus proceedings. The Supreme Court in *Preiser*, in *dictum*, suggested that habeas corpus might be available in such circumstances: "When a prisoner is put under additional and unconstitutional restraints during his lawful custody, it is arguable that habeas corpus will lie to remove the restraints making the custody illegal." 411 U.S. at 499.

The Sixth Circuit has not decided this particular issue.[1] There is some

---

[1] It is clear in the Sixth Circuit that habeas corpus provides the appropriate remedy for prisoners claiming due process violations in prison disciplinary hearings where the prisoner loses sentence or good-time credits because this loss has a direct impact on the duration of a prisoner's sentence. *See, e.g., Carney v. Sundquist*, No. 96-5320, 1997 W.L. 135619 (6th Cir.

4

unpublished authority for allowing a habeas corpus action to proceed on a claim challenging a prisoner's more restrictive placement in administrative segregation. *See, e.g., Gant v. Dutton,* 922 F.2d 841 (6th Cir. 1991) (unpublished), 1991 W.L. 1112, at **3 (assuming without deciding habeas jurisdiction and addressing underlying constitutional issues). In contrast, another panel of the Sixth Circuit has upheld the dismissal of the petitioner's habeas corpus petition under 28 U.S.C. § 2254. *See Gunnett v. Mayor*, 944 F.2d 904 (6th Cir. 1991) (unpublished), 1991 W.L. 182640 (applying *Preiser* and holding that challenge to a disciplinary conviction that resulted only in a potential postponement of parole was not cognizable under § 2254).

  Other circuit courts are split on the issue of whether an inmate seeking release from a more restrictive confinement within a prison can do so through habeas corpus proceedings. Some have decided that habeas corpus is an available remedy when an inmate seeks release from a more restrictive environment, such as solitary or disciplinary confinement, to a less restrictive form of custody, such as the general prison population. *See Boudin v. Thomas*, 732 F.2d 1107, 1111 (2d Cir. 1984); *McCollum v. Miller*, 695 F.2d 1044, 1046 (7th Cir. 1982); *McNair v. McCune*, 527 F.2d 874, 875 (4th Cir. 1975); *Krist v. Ricketts*, 504 F.2d 887 (5th Cir. 1974); *Moran v. Kincheloe,* 100 F.3d 963 (table), Nos. 95-35570, 95-35663, 1996 WL 640061 (9th Cir. 1996) (unpublished), 1996 W.L. 640061. The underlying focus in these cases is on the substance of the remedy or relief sought. In these cases, the prisoner sought release from his present form of custody (*e.g.*, solitary confinement or administrative segregation) to a less restrictive form of custody (*e.g.*, general population). According to these decisions, where the prisoner seeks transfer or physical movement to remedy past constitutional violations, habeas corpus is the avenue of relief. In *McCollum*, the court stated that if confinement within a certain prison unit is unconstitutional, "the prisoner ought

---

Mar. 24, 1997) (perfunctorily applying *Heck* and *Preiser* to sentence credit claim); *Barnes v. Lewis*, No. 93-5698, 1993 W.L. 515483 (6th Cir. Dec. 10, 1993) (following *Preiser*); *Pettigrew v. Bass*, No. 92-5373, 1992 W.L. 245916 (6th Cir. Sept. 29, 1992) (applying *Preiser* and holding Tennessee prisoner's challenge to early release date extension must be made under § 2254); *Privett v. Pellegrin*, No. 85-5049, 1986 W.L. 16899 (6th Cir. Apr. 17, 1986) (interpreting *Preiser* as holding that habeas petition seeking restoration of sentence-credits is governed by § 2254 exhaustion requirement). *Cf. Branham v. Koehler*, No. 89-1709, 1989 W.L. 136116 (6th Cir. Nov. 13, 1989) (following *Preiser* and holding that petitioner failed to exhaust state remedies before filing petition under § 2254), *cert. denied,* 493 U.S. 1061 (1990)).

to have a remedy that gets him out of it, and habeas corpus is the normal remedy for one unlawfully confined." 695 F.2d at 1046; s*ee also Graham v. Broglin,* 922 F.2d 379, 381 (7th Cir. 1991) ("If the prisoner is seeking what can fairly be described as a quantum change in the level of custody–whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation–then habeas corpus is his remedy.").

More recent decisions have limited the availability of habeas corpus. *See, e.g., Boyce v. Ashcroft*, 251 F.3d 911 (10th Cir.) (habeas corpus cannot be used to challenge a prisoner's placement within a particular prison system), *judgment vacated on mootness grounds,* 268 F.3d 953 (10th Cir. 2001); *Moran v. Sondalle,* 218 F.3d 647, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody. . . . State prisoners who want to raise a constitutional challenge to any other decision, such as transfer to a new prison, administrative segregation, exclusion from prison programs, or suspension of privileges, must instead employ § 1983 . . . when the decision may be challenged at all, which under *Sandin v. Conner,* 515 U.S. 472 (1995), and *Meachum v. Fano,* 427 U.S. 215 (1976), will be uncommon."); *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (if favorable determination would not automatically entitle prisoner to accelerated release, proper vehicle is § 1983 and not § 2254); *Harrison v. Ayers*, 2002 W.L. 102609 (N.D. Cal. Jan. 16, 2002) (challenge to conditions of confinement, including decision resulting in more restrictive housing location such as administrative segregation, not within traditional function of writ of habeas corpus); *Ruth v. Hemingway*, 2002 W.L. 169388 (E.D. Mich. Jan. 14, 2002) (challenge to disciplinary conviction resulting in restrictions on commissary and telephone privileges not a challenge to fact or duration of confinement and not cognizable in habeas corpus). *See also Toussaint v. McCarthy*, 801 F.2d 1080, 1103 (9th Cir. 1986) ("We do not believe that such relief [movement of individual prisoners from one location to another within the prison] falls within the traditional core of habeas corpus."), *cert. denied*, 481 U.S. 1069 (1987).

These more recent decisions harken back to the traditional role of habeas corpus announced in *Preiser* and guide this Court's analysis in this case. Although petitioner satisfies the "in custody" requirement for federal habeas corpus

jurisdiction for purposes of challenging the convictions and sentences upon which his incarceration in prison is based, the question faced by the Court here is whether petitioner's challenged administrative segregation within the prison is an additional, atypical and significant restraint on his liberty not shared by other inmates sufficient to constitute "custody" that may be challenged in this federal habeas corpus proceeding. The Supreme Court's decision in *Sandin v. Conner*, 515 U.S. 472 (1995), is instructive in answering this question.

In *Sandin*, an inmate was sentenced to 30 days of confinement in segregation based on a finding at a prison disciplinary hearing that he had committed several prison rule infractions. The inmate brought suit under § 1983 seeking declaratory, injunctive and monetary relief alleging he was denied procedural due process at the disciplinary hearing. At issue in *Sandin* was what constitutes a "liberty interest" protected by the Fourteenth Amendment's Due Process Clause. On review, the Supreme Court abandoned its prior approach of scrutinizing state regulations claimed to have created an asserted liberty interest in favor of an examination of the nature of the deprivation itself. 515 U.S. at 481. Under the new analysis enunciated in *Sandin*, the seriousness of the deprivation suffered determines the existence of a liberty interest. The Supreme Court held that such an interest is implicated in two circumstances: (1) where the actions of prison officials have the effect of altering the term of imprisonment, *id.* at 487; and (2) where the restraints imposed by the state amount to an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484. Therefore, under *Sandin,* an inmate has no liberty interest in remaining free from disciplinary segregation when the segregation does not affect the overall duration of his sentence or does not impose an "atypical and significant" hardship on him "in relation to the ordinary incidents of prison life." *See id.* at 483; *see also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998). Although *Sandin* involved a § 1983 action, the decision implies that where confinement to administrative segregation does not amount to an "atypical and significant" hardship on the inmate and the duration of the inmate's sentence is not affected by the disciplinary action, the inmate's liberty has not been significantly restrained to amount to "custody" required for federal habeas corpus jurisdiction.

A district court within the Sixth Circuit has relied on *Sandin* in ruling that federal courts do not have habeas jurisdiction over claims attacking confinement to administrative segregation. In *Frazier v. Hesson*, 40 F. Supp.2d 957 (W.D. Tenn. 1999), the court held that confinement to administrative segregation and transfer to

7

a maximum security facility were not "custody" within the meaning of the federal habeas corpus statute and neither § 2254 nor § 2241 could be utilized to attack the more restrictive forms of confinement. The court found that placement in segregation or assignment to a maximum security facility pursuant to a prison disciplinary conviction merely changes the conditions of an inmate's confinement, analyzing the Supreme Court's decision in *Sandin v. Conner* and its progeny. 40 F. Supp. 2d at 962-64. Following *Sandin,* the court reasoned that administrative segregation and transfer to a maximum security facility do not amount to "custody" because they do not constitute an "atypical and significant hardship" or directly lengthen the duration of imprisonment. *Id.* at 965; *cf. Lawson v. Scibana*, 2000 W.L. 356379 (E.D. Mich. 2000) (assuming habeas jurisdiction under 28 U.S.C. § 2241, but denying petition for habeas corpus finding no liberty interest under *Sandin*.).

In the instant case, petitioner alleges that his disciplinary conviction resulted in his placement in the more restrictive confinement of Disciplinary and Local Control. However, Petitioner's confinement in segregation does not impose an atypical, significant hardship on him in relation to the ordinary incidents of prison life. In *Sandin,* the Supreme Court concluded that a 30-day stay in disciplinary segregation for 23 hours and 10 minutes per day "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest" for an inmate serving an indeterminate sentence of 30 years to life. 515 U.S. at 486. Also, the Sixth Circuit has repeatedly held that disciplinary and administrative segregation do not involve an atypical and significant hardship. *See Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998) (administrative segregation for two and a half years did not satisfy *Sandin*); *Mackey v. Dyke*, 111 F.3d 460, 463 (6th Cir.) (administrative confinement for 117 days for lack of bed space could not satisfy *Sandin*), *cert. denied,* 522 U.S. 848 (1997); *Collmar v. Wilkinson*, 187 F.3d 635 (6th Cir. 1999) (unpublished), 1999 W.L. 623708 (30 days in Security Control, 14 days in Disciplinary Control, and six to eight months in Administrative Control were not atypical hardship under *Sandin*).

Petitioner also alleges that the disciplinary conviction increased his security status. However, placement in a higher security level is not an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at \*\*1 (6th Cir. Oct. 30, 1996).

This Court agrees with the line of recent cases discussed above and the analysis in *Frazier,* 40 F. Supp.2d at 962-65, that petitioner's confinement to segregation as a result of his disciplinary conviction is not remediable in this federal habeas corpus proceeding, because his more restrictive custody is merely a change in the conditions of his confinement and does not affect the duration of his term of imprisonment. Since petitioner's detention in segregation does not impose an additional, atypical and significant restraint on him, or lengthen the duration of his overall sentence, petitioner is unable to satisfy the "in custody" requirement for purposes of habeas corpus jurisdiction. Therefore, the Court does not have jurisdiction to consider petitioner's habeas corpus petition. Accordingly, the petition for writ of habeas corpus should be dismissed.

Petitioner's claims are more properly raised in an action pursuant to 42 U.S.C. § 1983. *See, e.g., Murphy v. Carroll,* 202 F. Supp.2d 421 (D. Md. 2002) (section 1983 action alleging violation of First Amendment right to free exercise of religion based on prison's refusal to accommodate inmates request for alternative cell cleanup day other than Saturday, the Jewish Sabbath, when religious beliefs prohibited prisoner from working). In fact, it appears that petitioner has raised some of the instant claims in a section 1983 action entitled *Eberle, et al. v. Wilkinson, et al.,* Case No. 2:03cv272 (S.D. Ohio). In the event that petitioner wishes to pursue further relief, the Clerk is DIRECTED to provide the necessary forms and instructions to petitioner for filing a civil rights lawsuit under § 1983.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 be **DISMISSED** without prejudice to refiling as an action pursuant to 42 U.S.C. § 1983, and the Clerk be **DIRECTED** to provide the necessary forms and instructions to petitioner for filing a civil rights lawsuit.

2. A certificate of appealability should not issue because petitioner has failed to make a substantial showing of the denial of a constitutional right that is remediable in this proceeding. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken

in "good faith" and, therefore, **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  June 24, 2005                        s/Timothy S. Black                
    hr                                           Timothy S. Black
                                                                United States Magistrate Judge


J:\ROSENBEH\2254(2005)\03-133disc.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Darryl J. Blankenship,
    Petitioner

vs                                            Case No. 1:03cv133
                                                  (Beckwith, J.; Black, M.J.)

James Haviland,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation within **fifteen (15) days** after the date the Report and Recommendation is stamped as "filed" by the Clerk of Court. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).